IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:07cr250-MHT |
| | ) | |
| MICHAEL COLEMAN | ) | |

### RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Motion to Suppress filed by Defendant Michael Coleman, as follows:

I.  FACTS

On October 5, 2007, Louisiana State Trooper Jason Lamarco stopped a vehicle driven by Willie Joe Hall. Inside that vehicle, Troopers found approximately three kilograms of cocaine powder stored inside a factory sealed, stereo speaker box. Hall was read his Miranda Rights and chose to cooperate with law enforcement. During his interview, Hall explained that he was transporting the cocaine to Michael Coleman in Montgomery, Alabama. Hall further explained that he had previously delivered two kilograms of cocaine to Coleman hidden in another factory sealed speaker box. Hall agreed to wear a recording device and deliver the three kilograms of cocaine to Coleman.

Agents equipped Hall with a recording device and followed him to Coleman's residence located at Vista View in Montgomery, Alabama. When Hall arrived at

1

Coleman's residence, Coleman walked up to Hall's vehicle and told Hall to follow him to the Sheridan Heights neighborhood because "it's cooler there." As Hall and Coleman pulled away from Coleman's residence, agents stopped Coleman's vehicle and arrested Coleman. When the agents frisked Coleman, they found a small amount of marijuana on Coleman's person. Agents further searched his vehicle incident to arrest and found a Glock pistol. Shortly, thereafter DEA Agent Bret Hamilton asked Coleman if he could search his house. Coleman consented and signed a consent to search form. Upon searching the residence, agents found a plate in the microwave with cocaine residue on it, and a stereo speaker box exactly like to speaker box found inside of Hall's vehicle that contained the cocaine.

**II.    COLEMAN'S CONSENT WAS NOT INVALIDATED BECAUSE HE WAS NOT READ HIS MIRANDA RIGHTS.**

Coleman's consent to search was not invalidated because he was not read his Miranda Rights prior to giving his consent. Miranda warnings are not required to validate a consent search. United States v. Hall, 496 F.2d 670, 674 (5th Cir. 1973)[1]. Miranda held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination, a fifth amendment privilege. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Here the court is examining a search, a fourth amendment issue. The court in

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

<u>Hall</u>, examined this issue and explained:

> In a fifth amendment context a defendant's statements, in and of themselves, present the potential constitutional evil. For purposes of the fourth amendment, however, it is an unreasonable search that must be condemned, not the use of a defendant's statements proving consent to a search. A search and seizure produces real and physical evidence, no self-incriminating evidence. Our task under the fourth amendment is to test the reasonableness of a search and exclude evidence procured unreasonably. We have been appropriately warned of the dangers inherent in the domino method of constitutional adjudication...wherein every explanatory statement in a previous opinion is made the basis for extension to a wholly different situation. Therefore, Miranda's ratio decidendi which was enunciated to strengthen the fifth amendment's function in preserving the integrity of our criminal trials should not be superimposed ipso facto to the wholly different considerations in the fourth amendment analysis.

<u>Hall</u> at 675. Because Miranda only protects a fifth amendment privilege, not a violation of the fourth amendment, it is inapplicable to this case. Even if agents did not read Coleman his Miranda Rights, Coleman's consent to search was valid and voluntary.

### III.    DEFENDANT'S CONSENT WAS VOLUNTARY

While the government concedes that Coleman was in custody when he gave consent to search his residence, Coleman's consent was voluntary. Voluntariness of a consent to search depends of all of the particular facts and circumstances of each case. <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218 (1973). The government expects DEA Special Agent Hamilton to testify that he explained to Coleman that he could refuse to consent to the search. Agent Hamilton then provided Coleman with a consent to search form and explained the consent form. Coleman signed the form, walked to the front door of his house, used his key to unlock the house, disengaged the home security system and ushered agents into the residence. At no time did the agents

threaten, coerce or attempt to intimidate Coleman into consenting to the search. Clearly, the facts show that Coleman gave consent to search the residence voluntarily.

## IV.  CONCLUSION

Based on the forgoing, the Defendant's consent was voluntary and his motion to suppress is due to be denied.

Respectfully submitted, this the 4th  day of February, 2008.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ A. Clark Morris
>A. CLARK MORRIS
>Assistant United States Attorney
>131 Clayton Street
>Montgomery, Alabama 36104
>Telephone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:07cr250-MHT |
| | ) | |
| MICHAEL COLEMAN | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tony Axom.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov