IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:07cr250-MEF |
| | ) | |
| MICHAEL COLEMAN | ) | |

**NOTICE OF DEFENSE ATTORNEY'S CONFLICT OF INTEREST**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and notifies the Court that defense counsel, Tony Axam, has a conflict of interest as follows:

FACTS

1.  Michael Coleman is represented by two attorneys, Tony Axam and Joe Reed.

2.  Attorney Tony Axam also represented Deandra Lewis in 2:06-cr-64-MHT. Mr. Lewis pled guilty to one count of conspiracy to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846; two counts of possession of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

3.  Prior to the sentencing hearing in 2:06-cr-64-MHT, Mr. Lewis did not cooperate with the government.

4.  Since his incarceration, Mr. Lewis requested to speak with a

1

representative of the government in order to provide information to the government in hopes of receiving a Rule 35 downward departure in his sentence.

    5.    Mr. Lewis has hired new counsel, Tom Azar, to assist in his cooperation and facilitate a possible Rule 35 downward departure.

    6.    On January 28, 2008, DEA Special Agent Bret Hamilton and the undersigned traveled to Pensacola, Florida, to interview Mr. Lewis at the Federal Prison Camp where he is incarcerated.

    7.    During such interview, Mr. Lewis gave information about Michael Coleman's drug trafficking activities and agreed to testify against Mr. Coleman at trial.

    8.    After the interview, Agent Hamilton wrote a report detailing the information that Mr. Lewis relayed about Mr. Coleman. This report has been turned over to Joe Reed, one of Mr. Coleman's attorneys.

    9.    On Sunday, March 2, 2008, the undersigned emailed Tom Azar to inquire whether his client was inclined to waive any conflict. Mr. Azar emailed the undersigned back that he needed to talk to his client, but that he was inclined to advise his client not to waive the conflict.

    10.    On Monday, March 10, 2008, the undersigned emailed Mr. Azar asking if he has had the opportunity to speak with his client. As of the filing of this motion, the undersigned has not received a response from Mr. Azar.

## LAW

    11.    The Sixth Amendment has been "construed to include four rights: the right to counsel, Powell v. Alabama, 287 U.S. 45 (1932), the right to effective assistance of

counsel, the right to a preparation period sufficient to ensure a minimal level of quality of counsel and the right to be represented by counsel of one's own choice." United States v. McCutcheon, 86 F.3d 187, 189 (11th Cir. 1996); citing, Glasser v. United States, 315 U.S. 60, 70 (1942).

12.  However, the Eleventh Circuit has consistently held that while the right to counsel is absolute, there is no absolute right to counsel of one's own choice. McCutcheon at 189; citing, United States v. Padilla-Martinez, 762 F.2d 942, 946 (11th Cir. 1985). Moreover, the need for fair, efficient, and orderly administration of justice overcomes the right of counsel of choice where an attorney has an actual conflict of interest, such as when *he has previously represented a person who will be called as a witness against a current client at a criminal trial*. Id. *(emphasis added)*

13.  Where an actual conflict of interest exists, the client is denied effective assistance of counsel and the attorney may be disqualified. Id., citing, United States v. Martinez, 630 F.2d 362, 362 (5th Cir. 1980). Even a potential conflict suffices for disqualification. Id.

14.  The McCutcheon case is on point with the instant case. In McCutcheon, because counsel for McCutcheon had previously represented a witness against McCutcheon, the court disqualified McCutcheon's counsel. In the instant case, Mr. Axam has previously represented Deandra Lewis, a witness against Mr. Axam's present client, Michael Coleman. As in McCutcheon, Coleman's attoney, Mr. Axam should be disqualified.

CONCLUSION

Based on the forgoing, the court should find that Defendant's counsel, Tony Axam, has a conflict of interest and should disqualified Mr. Axam from representing the Defendant.

Respectfully submitted, this the 10th day of March, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:07cr250-MEF |
| | ) | |
| MICHAEL COLEMAN | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Joe Reed, Esq., and Tony Axam, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov