```
            IN THE UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF ALABAMA
                     NORTHERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
v.                           )  INDICTMENT NO.:
                             )
MICHAEL COLEMAN,             )  2:07-CR-250-2
                             )
     Defendants.             )
_____)
```

**MOTION TO CONTINUE TRIAL AND
EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

COMES NOW, Defendant MICHAEL COLEMAN, by and through undersigned counsel, and moves the Court for a continuance in the above-styled case of the Trial presently scheduled for Monday, 7 April 2008 at 9:00 a.m. and to exclude the time under the Speedy Trial Act. As good cause therefore, Defendant shows the following:

1.

Defendant was indicted on 22 October 2007, on charges of conspiracy to possess with the intent to distribute 500 grams of cocaine mixture and the use and carrying of a firearm during the commission of a drug offense.

2.

Defendant retained Joe M. Reed who filed a notice of attorney appearance on 4 December 2007.

1

3.

Defendant also retained Tony L. Axam who filed a motion to appear pro hac vice on 5 December 2007. Said motion was granted on 7 December 2007.

4.

On 11 January 2008, Defendant filed a motion to suppress which was heard before Magistrate Susan Russ Walker on 6 February 2008.

5.

On 12 February 2008, the Government filed a Notice of Incorrect testimony which was given by the arresting officer.

6.

On 28 February 2008, after a review of the incorrect testimony and applicable case law, Defendant moved to reopen the suppression hearing.

7.

On 29 February 2008, Defendant's motion to reopen the suppression hearing was granted and the hearing was set for 4 March 2008.

8.

On 3 March 2008, the Government filed a Notice of Possible Conflict asserting that it intended to call a witness at the trial of this matter who was formerly represented by Attorney Tony L. Axam.

9.

Although Defendant and Attorney Axam appeared at the scheduled 4 March 2008 hearing, the Magistrate declined to hear evidence by Attorney Axam pending resolution of the possible conflict of interest.

10.

The Magistrate construed the Government's notice of possible conflict as a Motion for Disqualification of Attorney Axam and ordered the Government to file a brief on the issue no later than 10 March 2008.  Defendant's response is due no later than 14 March 2008.

11.

Additionally, the Magistrate rescheduled the reopening of the motion to suppress hearing for 6 March 2008.

12.

The trial of this matter is presently set for 7 April 2008.

13.

Defendant hereby respectfully requests that the trial of this matter be rescheduled for the next available trial calendar.

14.

Pursuant to 18 U.S.C. §3161, certain periods of delay may be excluded from the time for trial.

15.

Defendant asserts that the following factors set forth in 18 U.S.C. §3161(h)(8)(B) which a judge shall consider in determining whether to grant a continuance apply in the instant matter:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section; and
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

taking into account the exercise of due diligence.

16.

Defendant asserts that subsection (i) applies in that there is a motion to suppress and an issue of a possible conflict of interest which has yet to be determined and remains pending in the instant matter. Thus, Defendant asserts that failure to grant a continuance would make the continuation of proceedings in these matters impossible or would result in a miscarriage of justice.

17.

Defendant also asserts that subsection (ii) applies in that the issues raised in Defendant's motion to suppress, the Government's notice of incorrect testimony, and the Government's notice of possible conflict are novel questions of fact or law which require further pleadings and hearings to resolve. Defendant asserts that it is unreasonable to expect adequate preparation for these pretrial proceedings. Additionally, Defendant asserts that, should Attorney Axam be disqualified, it would be unreasonable to expect that Defendant could adequately prepare for the trial of this matter presently sent on 7 April 2008.

18.

Finally, Defendant asserts that subsection iv applies in that, should Defendant's counsel be disqualified, failure to grant a continuance would deny Defendant continuity of counsel and would deny Defendant reasonable time to retain other counsel.

19.

Defense counsel is familiar with the United States Supreme Court's ruling in <u>Zedner v. U. S.</u> which holds that a defendant may not prospectively waive the application of the Speedy Trial Act and that a district court must make findings, on the record, in support of an ends of justice continuance under the Speedy Trial Act.

20.

Defendant asserts that the instant motion states adequate grounds, pursuant to the Speedy Trial Act, which support Defendant's motion and that, for the reasons set forth above, a continuance is appropriate in the instant matter.

WHEREFORE, Defendant respectfully requests, in the interests of justice:

1. That the instant motion be granted;
2. That the trial of this matter, presently set for 7 April 2008, be continued to the next possible trial calendar;
3. That this time be excluded under the Speedy Trial Act; and
4. For such other relief as the court deems is proper and just.

This 12th day of March 2008.

                                  Respectfully submitted,

                                  JOE M. REED/S/
                                  JOE M. REED
                                  ASB-7499-D59J
                                  Attorney for Defendant
                                  Michael Coleman

Faulk & Reed
524 South Union Street
Montgomery, AL 36104
(334) 834-2000
(334) 834-2088 facsimile
joe@faulkreed.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon opposing counsel a copy of the within and foregoing **MOTION TO CONTINUE TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** with the Clerk of Court using CM/ECF system which will automatically send notification of such filing to opposing counsel, and by depositing a copy of the same in the United States mail in an envelope with the adequate postage affixed thereto and properly addressed to ensure delivery to the following:

A. Clark Morris<br>
Assistant United States Attorney<br>
P. O. Drawer 197<br>
Montgomery, Alabama 36101-0197

<u>JOE M. REED /S/</u>