**IN THE UNTIED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 2:07-CR-215** |
| | ) | |
| **MICHAEL COLEMAN, et al.** | ) | |

## AMENDED MOTION TO SUPPRESS

Now comes the defendant, by and through the undersigned, and hereby moves this honorable court to amend and/or supplement the defendant's motion to suppress. The defendant moves this court to consider additional issues of (1) whether or not the stop and continued detention of the defendant rose to the level of an arrest and; (2) whether the defendant's consent to search was the product of an illegal arrest. As ground for such motion, the defendant submits the following:

1. The defendant filed his motion to suppress on January 9, 2008, Doc # 44, averring that his consent to search his house was not knowingly, voluntarily and freely given because he was not read his *Miranda* rights.

2. On February 5, 2008, the court held a hearing on the matter where the undersigned acknowledged that that was the only issue before the court. The undersigned did so because although he was one of the attorneys of record, Attorney Tony Axam (who had a conflict in this case and has since withdrawn) was lead counsel and filed the motion, but was unable to appear.

3.  The testimony at the hearing revealed particular facts and certain circumstances surrounding the stop and continued detention of the defendant which resulted in the defendant's consent to search his house.

4.  The undersigned believes that the facts that came to light during the suppression hearing constituted an arrest without probable cause in violation of the Fourth Amendment to the United States Constitution as extended in *Dunaway v. New York* 442 U.S. 200 (1979).  The defendant's averred consent to search his house is believed to be the product of an illegal arrest and was not consensual as it was coerced by the behavior of government agents through their conduct and failure to inform the defendant of his Miranda rights.

5.  The defendant raised this issue at the hearing, though not in his initial motion to suppress.

6.  The reason these issues were not raised in the initial motion to suppress is that the relevant facts that came to light in the suppression hearing which make this and other issues ripe before the court, is that they were not discernable from the discovery provided by the United States which would have supplied the defendant with enough information to include the issue(s) in its initial motion to suppress.

7.  At the initial suppression hearing, (among other facts not initially discernable from the discovery provided by the United States,) a government witness testified that the defendant was not handcuffed during the time the defendant allegedly consented to the entry and the search of his home.

8.  This testimony by the government's witness is in direct conflict with the testimony of the defendant, who testified that he was, in fact, handcuffed the

entire time after his initial stop by federal agents, and was only unhandcuffed in

order to sign a consent to search form to allow the federal agents to search his

residence without a warrant.   Whereupon after he signed the consent to search his

residence, he was handcuffed again and remained that way until the search of his

house was completed.

9.  A motion filed by the government credits the defendant's testimony and rendition

    of the facts and discredits the testimony of its own witness that defendant

    Coleman was not handcuffed during the search of his house.

10. An attachment to the government's motion, Doc. # 52, a picture marked as

    Exhibit A, (and as succinctly stated by the government in its motion) "clearly

    shows" that at least at some point during the search of his house, Coleman was, in

    fact,  handcuffed.

11. A motion was filed to re-open the suppression hearing on February 28, 2008, Doc.

    # 54 and on February 29, 2008, this court granted the defendant's motion and

    reopened the suppression hearing on March 6, 2008.

12. There the government's witness who testified that Coleman was not handcuffed

    during the search acknowledged that a photo marked as Exhibit A, did in fact,

    show defendant Coleman in handcuffs while his house was being searched by

    government agents.

13. As a result of the conflicting testimony by the government's witness, defendant

    Coleman now raises the issue that his averred consent was the product of an

    illegal arrest and should be suppressed, as well as any other evidence obtained as

the result of search as fruit of the poisonous tree.  See *Dunaway v. New York* 442

U.S. 200 (1979).

14. The court should consider the issues of whether the defendant was under arrest

and whether the arrest was supported by probable cause and whether the consent

was the product of an illegal arrest,  because it is part of the totality of the

circumstances surrounding the averred consent of the defendant to allow the

search of his home.

15. There is no unfair surprise to the government to decide these issues because the

facts surrounding the initial stop and detention of the defendant were at all times

available to the Government as it was their witness who ordered the defendant to

be stopped and orchestrated and oversaw the search of the defendant's house.

Moreover, the government was present when its witness gave the account of the

stop and search to the court and the government was present and had every

opportunity to re-direct after the defendant's cross examination of the

government's witness.

16. There is no need to reopen the suppression hearing a second time as all evidence

needed to determine these necessary and indispensible issues of whether or not

the defendant was under arrest and whether, or not there was probable cause to

arrest the defendant and whether or not the defendant's consent was the product

of an illegal arrest, is already in the record.

17. The undersigned believes that if the court does not address these issues at this

time, the defendant will have a strong issue to appeal which could result in the

matter being remanded back to this court for a determination of those issues

which probably would substantially and unnecessarily delay these proceedings.

18. A determination of these issues, at this time, will not substantially delay these

proceedings.

Wherefore, premises considered, the defendant prays that this court allows the defendant

to amend and/or supplement his motion to suppress and decide the issues submitted

herein.

Respectfully Submitted,


/s/ Joe M. Reed
Joe M. Reed
Attorney for Defendant


### Certificate of Service

I hereby certify that the foregoing was filed with the United States District Clerk, Middle

District of Alabama, who will send electronic notification to the Honorable Clark Morris,

Assistant United States Attorney, P.O. Box 197, Montgomery, AL 36101.


/s/ Joe M. Reed
Joe M. Reed