IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cr-250-MEF |
| | ) | (WO) |
| WILLIE JOE HALL | ) | |
| MICHAEL COLEMAN | ) | |

## **O R D E R**

On July 7, 2008, defendant Michael Coleman filed an Unopposed Motion to Continue Trial (Doc. #102), and on July 10, 2008 co-defendant Willie Joe Hall filed an Unopposed Motion to Continue Trial (Doc. #108). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

Defendant Coleman's motion states that there is insufficient time prior to the July 28, 2008 trial date to permit the parties to properly negotiate a plea agreement. Defendant Hall's

motion states that defense counsel filed a notice of appearance in this case on July 9, 2008 and needs additional time to investigate the case. Counsel for the government does not oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendants' motions are GRANTED;

2. That the trial of this case is continued from the July 28, 2008 trial term to the October 20, 2008 trial term in Montgomery, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the October 20, 2008 trial term.

DONE this the 11th day of July, 2008.

      /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE